# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

MUNDRE L. FLEMINGS,

           Plaintiff,

vs.

UNIVERSITY MEDICAL CENTER,

           Defendant.

Case No. 2:16-cv-02042-GMN-NJK

ORDER

(Docket No. 9)

Pending before the Court is Plaintiff's *ex parte* motion to enlarge time to serve. Docket No. 9.

Plaintiff commenced this action on August 29, 2016, by filing a motion for leave to proceed *in forma pauperis* and a complaint. Docket Nos. 1, 1-1. On September 2, 2016, the Court denied without prejudice Plaintiff's motion for leave to proceed *in forma pauperis*. Docket No. 4. On September 15, 2016, Plaintiff paid the filing fee. Docket No. 5. On December 28, 2016, therefore, the Court issued an order instructing Plaintiff that service must be completed within 90 days, or no later than March 28, 2017. Docket No. 6. On April 12, 2017, because no proper proof of service had been filed, the Clerk's Office issued a notice of intent to dismiss pursuant to Fed. R. Civ. P. 4(m). Docket No. 8. On May 11, 2017, Plaintiff filed the instant motion. Docket No. 9. Plaintiff asks for an additional 30 days to serve Defendant and for leave to serve Defendant by publication. *Id.* at 3.

The Court first addresses the *ex parte* nature of Plaintiff's motion. The Court discerns no reason why the motion should be filed and resolved on an *ex parte* basis. *Cf. Maxson v. Mosaic Sales Solutions U.S. Operating Co.*, 2015 WL 4661981, at *1 (D. Nev. July 29, 2015) (noting disfavored status of *ex parte* motions, and requiring a showing of "compelling reasons" for seeking

relief on an *ex parte* basis).  *See also id.* at *1 n.1 ("Even where the opposing party has not yet appeared in the case, concerns remain that animate very strict standards for seeking *ex parte* relief . . . At the very least, the opposing party should generally be able to review the basis for relief previously sought and/or granted by the Court once it enters the case") (citing Fed. R. Civ. P. 65(b)(1) and -(b)(4)).  The Court therefore determines that the instant motion is not properly brought in an *ex parte* manner.

The Court now turns to Plaintiff's requests to extend time to effectuate service on Defendant and for leave to serve Defendant by publication.  Fed. R. Civ. P. 4(m) provides,

> (m) *Time Limit for Service*.  If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.  This subdivision (m) does not apply to service in a foreign country under Rule 4(f) or 4(j)(1).

The Court's discretion to extend time for service is broad.  *In re Sheehan*, 253 F.3d 507, 513 (9th Cir. 2001).  The Court will therefore extend the Rule 4(m) deadline to May 30, 2017.  However, the Court declines to grant Plaintiff leave to serve Defendant by publication, as he cites no authority to support this request and provides no reasons the Court should allow service by publication.  *See* Docket No. 9; Local Rule 7-2(d) ("The failure of a moving party to file points and authorities in support of the motion constitutes a consent to the denial of the motion").

Accordingly, the Court hereby **GRANTS** in part and **DENIES** in part Plaintiff's motion to enlarge time to serve.  Docket No. 9.  The deadline to effectuate service on Defendant is hereby **EXTENDED** to May 30, 2017.  Plaintiff may not serve Defendant by publication.  The Court **INSTRUCTS** the Clerk's Office to the *ex parte* designation to the instant motion and to file this order on the public docket.

IT IS SO ORDERED.

Dated: May 12, 2017.

_____
NANCY J. KOPPE
United States Magistrate Judge