# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

MUNDRE L. FLEMINGS,        )
                           )
            Plaintiff,     )   Case No.: 2:16-cv-02042-GMN-NJK
    vs.                    )
                           )   **ORDER**
UNIVERSITY MEDICAL CENTER, )
                           )
            Defendant.     )
                           )

Pending before the Court is the Motion to Dismiss, (ECF No. 13), filed by Defendant University Medical Center ("UMC" or "Defendant"). Plaintiff Mundre Flemings ("Plaintiff") filed a Response, (ECF No. 24), and Defendant filed a Reply, (ECF No. 25).[1] For the reasons set forth herein, Defendant's Motion to Dismiss is **GRANTED**.

## I. BACKGROUND

This case centers upon workplace discrimination and retaliation claims by Plaintiff against his former employer, UMC. (*See* Compl., ECF No. 7).[2] Plaintiff, an African-American male, worked as a charge nurse for UMC from November 2013 until November 2014. (*Id.* ¶ 2). During this period, Plaintiff alleges that the Director of Nursing, Dave Tyrell ("Tyrell"), "subjected [Plaintiff] to different terms and conditions of employment and discipline" based on his race, nationality, and gender. (*See id.* ¶¶ 1–9). Specifically, Plaintiff alleges that Tyrell frivolously disciplined Plaintiff and prevented him from receiving a promotion. (*Id*. ¶¶ 4, 6). As a result of this alleged discrimination, Plaintiff submitted a Charge of Discrimination to the

---

[1] In light of Plaintiff's status as a pro se litigant, the Court has liberally construed his filings, holding them to standards less stringent than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

[2] The Court takes judicial notice of the fact that UMC is a county-owned hospital. *See Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986) (stating that a court may take judicial notice of matters of public record).

Equal Employment Opportunity Commission ("EEOC") on October 27, 2014. (*Id.* ¶ 7). Shortly thereafter, Plaintiff resigned from UMC and began employment with the Nevada Donor Network ("NDN"). (*Id.* ¶ 30).

On May 19, 2016, the EEOC notified Plaintiff that the agency could not pursue his allegations but advised that he may file suit within ninety (90) days of receiving the notice. (EEOC Letter, Ex. B to Mot. to Dismiss, ECF No. 13-2). Plaintiff subsequently filed his Complaint with this Court on August 29, 2016. In the Complaint, Plaintiff alleges that UMC's discriminatory and retaliatory actions violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1981 and § 1988, and Nevada common law. (*See* Compl. ¶ 32).

## II.     **LEGAL STANDARD**

Dismissal is appropriate under Rule 12(b)(6) where a pleader fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions couched as a factual allegations are insufficient. *Twombly*, 550 U.S. at 555. Accordingly, Rule 12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

If the court grants a motion to dismiss for failure to state a claim, leave to amend should be granted unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Sys. Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). Pursuant to

Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

## III. DISCUSSION

In the instant Motion, Defendant argues that the Court should dismiss Plaintiff's Title VII claims due to his failure to file a complaint within ninety (90) days of receiving the right-to-sue letter from the EEOC. (*See* Mot. to Dismiss 1:18–28, ECF No. 13). Additionally, Defendant argues that the Court should dismiss Plaintiff's remaining claims for failure to state a claim upon which relief can be granted. (*Id.*). The Court will address these contentions in turn.

### A. Plaintiff's Claims Under Title VII

Title VII provides that upon dismissing a charge of discrimination, the EEOC must notify the claimant and inform him that he has ninety days to bring a civil action. *See* 42 U.S.C. § 2000e-5(f)(1). If a litigant does not file suit within ninety days "[of] the date EEOC dismisses a claim," then the action is time-barred. *Payan v. Aramark Mgmt. Servs. Ltd. P'ship*, 495 F.3d 1119, 1121 (9th Cir. 2007). Generally, courts measure the limitations period starting on the date on which the right-to-sue notice letter arrived at the claimant's address of record. *See Nelmida v. Shelly Eurocars, Inc.,* 112 F.3d 380, 384 (9th Cir.1997). Where the date of actual receipt is unknown, however, courts estimate the date "based on the date of EEOC disposition and issuance of notice, with some compensation for mailing time." *Payan*, 495 F.3d at 1122. In the Ninth Circuit, courts apply a "presumption of approximate receipt," which presumes receipt three days after issuance of the EEOC right-to-sue notice. *Id*. at 1125. A

plaintiff may rebut this presumption by providing "evidence suggesting receipt was delayed beyond the presumed period." *Id*. at 1126.

In this case, the EEOC issued the right-to-sue letter to Plaintiff on May 19, 2016. Pursuant to the Ninth Circuit's three-day presumption, the approximated delivery date of the EEOC notice is therefore May 23, 2016.[3] Accordingly, Plaintiff had until August 22, 2016, to timely file his complaint with the Court.[4] Plaintiff filed the initial complaint in this action on August 29, 2016—one hundred and two (102) days after the EEOC issued its notice. Plaintiff's claims under Title VII are therefore outside the proscribed statute of limitations period.

In his Response, Plaintiff argues that he was "well within his 90-days" and that he "is not responsible if the letter was received later than the date on the actual letter." (Resp. 2:21–25, ECF No. 24). This blanket assertion without any corroborating evidence is insufficient to rebut the three-day presumption. *See Payan*, 495 F.3d at 1127. Furthermore, while the Court recognizes Plaintiff's pro se status in this matter and therefore construes his filings liberally, the Ninth Circuit has made clear that a party's pro se status does not afford "different treatment under these standards." *Id*. Accordingly, as Plaintiff has failed to provide evidence suggesting that he received the right-to-sue letter beyond the presumed period, the Court dismisses Plaintiff's Title VII discrimination and retaliation claims with prejudice.

**B. Plaintiff's Section 1981 Claim**

In his Complaint, Plaintiff also requests relief pursuant to 42 U.S.C. § 1981. (Compl. ¶ 32). Defendant contends that this claim is inactionable and requests dismissal. (Mot. to Dismiss 7:10–28, 8:1–11). As a preliminary matter, the Court notes that Plaintiff failed to address Defendant's contentions in his Response. Thus, pursuant to Local Rule 7-2(d), the Court finds that Plaintiff has consented to the granting of the Motion with respect to this cause

---

[3] The Court allows for an additional day because May 22, 2016, fell on a Sunday.
[4] The Court allows for an additional day because August 21, 2016—the end of the ninety-day period—fell on a Sunday.

of action. *See* D. Nev. R. 7-2(d) ("The failure of an opposing party to file points and authorities in response to any motion . . . constitutes a consent to the granting of the motion."). In the interest of clarity, however, the Court nonetheless evaluates the sufficiency of Plaintiff's § 1981 claim.

In suits against state actors, 42 U.S.C. § 1981 precludes *respondeat superior* liability but preserves the "policy or custom" requirement, under which a plaintiff must show that a state actor's "policy or custom" led to the plaintiff's injury in order to establish municipal liability. *See Fed'n of African Am. Contractors v. City of Oakland*, 96 F.3d 1204, 1207 (9th Cir. 1996); *see Castro v. Cnty. of L.A.*, 833 F.3d 1060, 1073 (9th Cir. 2016). Accordingly, "a local government may not be sued…for an injury inflicted solely by its employees or agents." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). "Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible." *Id*; *see also AE ex rel. Hernandez v. Cnty. of Tulare*, 666 F.3d 631, 637 (9th Cir. 2012).

Here, Plaintiff's Complaint does not point to any "policy or custom" that resulted in his alleged injuries. Rather, the Complaint predominantly focuses on a single supervisor's conduct. (*See* Compl. ¶ 12). While Plaintiff does broadly assert that certain instances "which jeopardized [his] professional nursing license. . .were never attended to by upper management at UMC," this conclusory allegation is insufficient to plausibly establish the "policy or custom" pleading requirement. *See Twombly*, 550 U.S. at 555. The Court therefore grants dismissal on Plaintiff's § 1981 claim without prejudice.[5]

---

[5] 42 U.S.C. § 1988 provides that a successful civil rights claimant may be entitled to attorney's fees and expert fees but does not provide for an additional cause of action. *See Moor v. Alameda Cty.*, 411 U.S. 693 (1973); *Brower v. Cty. of Inyo*, 817 F.2d 540, 546 (9th Cir. 1987), *reversed on other grounds*, *Brower v. Cty. Of Inyo*, 489 U.S. 593 (1989). Therefore, to the extent that Plaintiff asserts an independent cause of action pursuant to this section, it is hereby dismissed.

**C. Plaintiff's State Law Claims**

Plaintiff's remaining claims are asserted under unspecified state law. A pleading must give "fair notice of a legally cognizable claim and the grounds on which it rests." *Twombly*, 550 U.S. at 555; *see also* Fed. R. Civ. P. 8(a). Here, Plaintiff fails to provide any basis for his state law claims, and therefore Plaintiff falls short of the pleading requirements. Moreover, as all of Plaintiff's federal law claims are dismissed in this Order, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims. *See* 28 U.S.C. § 1367(c)(3) (stating that a Court may decline to exercise supplemental jurisdiction over claims arising under state law if it "has dismissed all claims over which it has original jurisdiction."). Plaintiff's state law claims are therefore dismissed without prejudice.

**D. Leave to Amend**

Rule 15(a)(2) of the Federal Rules of Civil Procedure permits courts to "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The Ninth Circuit "ha[s] held that in dismissing for failure to state a claim under Rule 12(b)(6), 'a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.'" *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

Here, the Court finds that Plaintiff can potentially allege facts to support his § 1981 cause of action and therefore grants leave to amend this claim. To the extent Plaintiff can sufficiently establish his § 1981 claim, he may also reassert his state law claims. The Court cautions Plaintiff, however, that any state law claims must be stated with sufficient specificity to comply with the federal pleading standards. Plaintiff shall have twenty–one (21) days from the date of this order to file an amended complaint. Failure to file an amended complaint by the required date shall result in the Court dismissing this action with prejudice.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss, (ECF No. 13), is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff shall have twenty–one (21) days from the date of this Order to file an amended complaint consistent with the foregoing. If Plaintiff chooses not to file an amended complaint, the Court will dismiss this case with prejudice.

**IT IS FURTHER ORDERED** that, in light of the Court granting Defendant's Motion to Dismiss, Defendant's Motion for Summary Judgment, (ECF No. 45), is **DENIED** without prejudice as moot.

**DATED** this \_\_21\_\_ day of March, 2018.

_____
Gloria M. Navarro, Chief Judge
United States District Judge